LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29334

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
EDWARD DEAN, Defendant-Appellant

2010 JAN 20 AM 8:25 FILED

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 99-0602(1))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Edward Dean (Dean) appeals from the Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Dismiss for Egregious Prosecutorial Misconduct and Double Jeopardy (FOF/COL/Order) filed on July 29, 2008 in the Circuit Court of the Second Circuit (circuit court).[1] In the FOF/COL/Order, the circuit court denied Dean's August 21, 2007 Motion to Dismiss with Prejudice for Egregious Prosecutorial Misconduct and Double Jeopardy (Motion to Dismiss).

On appeal, Dean argues that the circuit court erred in denying his Motion to Dismiss because the denial was based on an erroneous conclusion that misconduct by counsel for the State of Hawai'i (State) was not egregious enough to bar reprosecution under the double jeopardy clause of article 1, section 10 of the Hawai'i Constitution[2] (double jeopardy clause). Related to this argument is his contention that in the FOF/COL/Order, Conclusions of Law (COLs) 6, 18, 25, and 28 and portions of COLs 14, 24, 26, 27, and 29 are wrong. He does not dispute any of the Findings of Fact (FOFs). He requests that we reverse the portion of the FOF/COL/Order denying his Motion to Dismiss and dismiss this case with prejudice.

---

[1] The Honorable Joel E. August presided.

[2] Article 1, section 10 of the Hawai'i Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy." See also State v. Rogan, 91 Hawai'i 405, 416, 984 P.2d 1231, 1242 (1999).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Dean's points of error as follows:

(1) The circuit court did not abuse its discretion or violate Dean's constitutional rights by denying the Motion to Dismiss.

(a) COL 6 is not wrong because it does not contradict COLs 3, 4, 5, and 7 and the circuit court had the discretion to make determinations regarding the weight of the evidence. State v. Rogan, 91 Hawai'i 405, 412, 984 P.2d 1231, 1238 (1999); State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999).

(b) The disputed portion of COL 14 is not wrong because the factors enumerated therein are the ones cited to in Rogan, 91 Hawai'i at 412, 984 P.2d at 1238, and State v. Pacheco, 96 Hawai'i 83, 95, 26 P.3d 572, 584 (2001), and nothing in Rogan suggests that those factors are "open ended" and variable.

(c) COL 18 is not wrong because, as Dean admits, it was impossible for the circuit court to give a curative instruction in this case. Rogan, 91 Hawai'i at 412, 984 P.2d at 1238.

(d) The disputed portion of COL 24 and all of COL 25 are not wrong because they do not improperly shift any burden of proof to Dean.

(e) The disputed portion of COL 26 is not wrong because there is no authority in this jurisdiction for Dean's contention that a defendant should be afforded a presumption that any omissions in disclosure of discoverable evidence are intentional, and "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence." Mattiello, 90 Hawai'i at 259, 978 P.2d at 697.

2

(f) The disputed portion of COL 27 is not wrong because there is no authority in this jurisdiction for Dean's contention that the State should have the burden of proving that its failure to provide the missing evidence was unintentional, and "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence." Mattiello, 90 Hawai'i at 259, 978 P.2d at 697.

(g) COL 28 is not wrong because the circuit court was tasked with determining whether the State's prosecutorial misconduct was so "highly prejudicial" and "exceptional" that Dean's right to a fair trial was affected. In making that determination, the circuit court had the discretion to find that the loss of Dean's son's live testimony was not so highly prejudicial that Dean would be deprived of a fair trial on reprosecution. Rogan, 91 Hawai'i at 423 n.11, 984 P.2d at 1249 n.11.

(h) The disputed portion of COL 29 is not wrong because the circuit court was within its discretion in concluding that the loss of Dean's son's live, in-court testimony would not deny Dean a fair trial. Dean may have already revealed his defense claims to the State, but the State has revealed its trial strategy and theory of the case to Dean. Regarding Dean's allegation that the circuit court gave the State a "pass" with regard to its prosecutorial misconduct, the court's finding in its FOF/COL/Order "that the failure to identify and request or present missing evidence during the investigation and trial of this case was the result of a mutual mistake" was supported by the evidence in the record.

Therefore,

IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Dismiss for Egregious Prosecutorial Misconduct and Double

Jeopardy filed on July 29, 2008 in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 20, 2010.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4